**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPAGEAGE CONSULTING CORP., | CIVIL ACTION NO. 17-6299 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| CHRISTOPHER S. PORRINO, *et al.*, | |
| Defendants. | |

**LINARES**, Chief District Judge

There are three defendants remaining in this action: (1) Christopher S. Porrino, who is named "in his official capacity as Attorney General of New Jersey"; (2) the Essex County Probation Department; and (3) the Hudson County Probation Department (collectively hereinafter, "the Remaining Defendants"). (ECF No. 1 at 1.) The claims asserted against the defendants State of New Jersey, Office of Child Support Services, Elizabeth Connolly, in her official capacity as acting Commissioner of the Office of Child Support Services, and Natasha Johnson, in her official capacity as Director of the Division of Family Development were dismissed on January 23, 2018 for the failure of the plaintiff, SpaceAge Consulting Corp. (hereinafter, "SpaceAge"), to comply with Federal Rule of Civil Procedure (hereinafter, "Rule") 4(m). (ECF No. 11.)

The Remaining Defendants now move pursuant to Rule 12(b)(1) and Rule 12(b)(6) to dismiss SpaceAge's claims that are asserted against them. (ECF Nos. 13 through 13-3, 15.) SpaceAge opposes the motion. (ECF Nos. 14 through 14-3.)

This Court resolves the motion to dismiss upon a review of the papers and without oral argument. *See* L. Civ. R. 78.1(b). For the following reasons, this Court grants the motion.

## BACKGROUND

Surender Malhan is an employee and the sole shareholder of SpaceAge. (ECF No. 1 at 2.) Malhan and his estranged spouse are currently engaged in an ongoing matrimonial, child custody, and child support dispute in a New Jersey state court in Essex County. (*Id.* at 2–10.) Malhan has personally brought several actions in the District of New Jersey wherein the aforementioned state court dispute with his estranged spouse is at issue, including the instant federal action. *See, e.g., Family Civil Liberties Union v. New Jersey*, D.N.J. No. 18-2597 (KM); *Argen v. Kessler*, D.N.J. No. 18-963 (KM); *Malhan v. Porrino*, D.N.J. No. 16-8889 (KM); *Malhan v. Tillerson*, D.N.J. No. 16-8495 (CCC); *Edelglass v. State of New Jersey*, D.N.J. No. 14-760 (FLW).

For reasons that have not been made clear by the parties in their briefing, SpaceAge has been joined as a party to the aforementioned state court dispute. (*See* ECF No. 14-2 at 5 (New Jersey Appellate Division order, discussed *infra*, indicating same).) In any event, on August 1, 2017, the New Jersey state court issued an order directing that Malhan's

wages from SpaceAge were to be garnished to satisfy his child support obligations (hereinafter, "the State Garnishment Order"). (ECF No. 1 at 5, 8–9; *see also* ECF No. 14 at 5.) The State Garnishment Order directed that the garnished wages were to be remitted through the Essex County Probation Department, even though the state court Judge who issued that Order had suggested during an underlying hearing that they should be remitted through the Hudson County Probation Department because Malhan currently resides in Hudson County. (ECF No. 1 at 8–9; ECF No. 14 at 6.) SpaceAge alleges that it is has not received a garnishment notice from either the Essex County Probation Department or the Hudson County Probation Department to date. (ECF No. 1 at 9.) SpaceAge also alleges that it moved before the New Jersey Appellate Division for an interlocutory review of the State Garnishment Order, and that the motion has been denied. (*Id.* at 10; ECF No. 14 at 10; *see also* ECF No. 14-2 at 5 (New Jersey Appellate Division order denying the motion for leave to appeal).)

SpaceAge alleges that it "is facing potential liquidation [by the state court] if it fails to comply with an illegal 'garnishment.'" (ECF No. 1 at 7.) SpaceAge seeks to proceed in this federal action pursuant to 42 U.S.C. § 1983, and it alleges that the State Garnishment Order violates its constitutional rights by being contrary to: (1) 45 C.F.R. § 303.100, which concerns the garnishment of wages for child support payments; and (2) 15 U.S.C. § 1673, which concerns the garnishment of wages in general. (ECF No. 1 at 10–29.) As a result, SpaceAge seeks to challenge the State Garnishment Order as being "illegal," and asks this Court to declare that Order to be "null and void" and "unenforceable." (*Id.* at 1;

3

*see also id.* at 10, 14, 18, 23 (repeatedly stating the same).) Regrettably, the parties have not submitted a copy of the State Garnishment Order for this Court's review, and thus this Court must rely upon the parties' descriptions of the contents of that Order in addressing this motion to dismiss.

## DISCUSSION

### I. Standards

This Court is guided by the following standards in resolving the Remaining Defendants' motion to dismiss.

#### A. Rule 12(b)(1)

It is not necessary for this Court to restate the standard for resolving a motion to dismiss that is made pursuant to Rule 12(b)(1), because that standard has already been enunciated. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (setting forth the standard, and explaining *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977), *Petruska v. Gannon Univ.*, 462 F.3d 294 (3d Cir. 2006), and *Constitution Party of Pa. v. Aichele*, 757 F.3d 347 (3d Cir. 2014)).

#### B. Rule 12(b)(6)

It is also not necessary for this Court to restate the standard for resolving a motion to dismiss a complaint that is made pursuant to Rule 12(b)(6), because that standard has already been enunciated. *See Palakovic v. Wetzel*, 854 F.3d 209, 219–20 (3d Cir. 2017)

4

(setting forth the standard, and explaining *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth the standard, and explaining *Iqbal* and *Twombly*).

## II. Analysis

### A. Immunity

Before arguing for the dismissal of SpaceAge's claims based upon immunity, the Remaining Defendants argue that this Court should refrain from addressing SpaceAge's claims based upon the *Younger* abstention doctrine. (ECF No. 13-1 at 14–17.) However, the issue of the Remaining Defendants' immunity must be addressed in the first instance, because it is relevant to this Court's jurisdiction. *See United States v. Gov't of V.I.*, 363 F.3d 276, 280 (3d Cir. 2004).

Section 1983 enables a plaintiff to bring a civil action only against a "person" who causes a deprivation of constitutional rights under the color of state law. 42 U.S.C. § 1983. However, the New Jersey Attorney General acting in his official capacity is not subject to liability under Section 1983, because he is not deemed to be a person within the language of Section 1983. *See Jaye v. Att'y Gen. of N.J.*, 706 F. App'x 781, 783–84 (3d Cir. 2017) (holding the same), *cert. denied*, 2018 WL 491549 (U.S. Jan. 22, 2018); *Torres v. Davis*, 506 F. App'x 98, 101 (3d Cir. 2012) (same). In addition, the Essex County Probation Department and the Hudson County Probation Department are considered to be arms of the State of New Jersey, and thus they are not subject to liability under Section 1983 because

they are not deemed to be persons within the language of Section 1983. *See Torres v. Velasquez*, No. 17-1685, 2017 WL 5725053, at *1 n.1 (D.N.J. Nov. 28, 2017) (holding the same concerning county probation departments in New Jersey); *Pittman v. Middlesex Cty. Prob. Dep't*, No. 14-1568, 2017 WL 1129592, at *3 (D.N.J. Mar. 24, 2017) (same); *Travers v. Essex Cty.*, No. 15-2508, 2015 WL 3866325, at *2 n.1 (D.N.J. June 23, 2015) (same); *see also Hanani v. N.J. Dep't of Envtl. Prot.*, 205 F. App'x 71, 79 (3d Cir. 2006) (holding the same concerning New Jersey state agencies in general). The Eleventh Amendment also bars a plaintiff from bringing claims under Section 1983 against state agencies and state officials, because those kinds of claims are, in effect, brought against the State of New Jersey itself. *See Jaye*, 706 F. App'x at 783–84; *Torres*, 506 F. App'x at 101; *see also Hanani*, 205 F. App'x at 79.

The State of New Jersey has not consented to subject the Attorney General, the Essex County Probation Department, or the Hudson County Probation Department to liability for claims brought under Section 1983, and the immunity afforded thereunder has not been abrogated. Therefore, this Court grants the motion to the extent that it seeks to dismiss the claims that are asserted against the Remaining Defendants on this ground.

## B. Alternative Arguments

This Court's determination set forth above "precludes the necessity to address [the Remaining Defendants'] alternative grounds for dismissal," but this Court will exercise the discretion to discuss alternative grounds "for the sake of completeness." *Global NAPs, Inc.*

*v. Bell Atlantic-N.J., Inc.*, 287 F. Supp. 2d 532, 545 n.20 (D.N.J. 2003) (addressing the defendant's alternative grounds for dismissal, even though dismissal was to be granted based upon lack of subject matter jurisdiction).

### 1. *Rooker-Feldman* doctrine

Alternatively, SpaceAge's claims against the Remaining Defendants are barred by the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414–16 (1923). "In essence, . . . [the] complaint sought federal court review of . . . [the] state court ruling," which this Court lacks the authority to do. *Bierley v. Abate*, 661 F. App'x 208, 209 (3d Cir. 2016) (affirming the district court's dismissal on *Rooker-Feldman* grounds, because the doctrine bars a district court from reviewing a case brought by a state court loser who complains of injuries caused by a state court judgment rendered before the district court proceedings commenced, and who invites a review and rejection of that judgment). This Court is prohibited by the *Rooker-Feldman* doctrine from providing relief that would effectively reverse the decisions, directly or indirectly invalidate the determinations, prevent the enforcement of the orders, or void the rulings issued by the New Jersey state court. *See Nagy v. Soc. Sec. Admin.*, 689 F. App'x 690, 691–92 (3d Cir. 2017) (holding that pursuant to the *Rooker-Feldman* doctrine, a federal court may not address a challenge to the terms of a state court child-support order); *Lepre v. Lukus*, 602 F. App'x 864, 870 (3d Cir. 2015) (holding that federal courts lack subject matter jurisdiction under the *Rooker-Feldman*

doctrine to address challenges to child support and wage garnishment orders, even if the challenges are couched in constitutional terms).

It is apparent that SpaceAge seeks a review of the State Garnishment Order, as SpaceAge repeatedly requests in the complaint that the Order be declared "illegal" and "null and void." (ECF No. 1 at 1, 10, 14, 18, 23.) Furthermore, SpaceAge is well aware of the availability of state appellate remedies, as it sought to bring an interlocutory appeal in the New Jersey Appellate Division. (ECF No. 14-2 at 5.) Therefore, this Court could also dismiss the claims that are asserted against the Remaining Defendants under the *Rooker-Feldman* doctrine.

### 2. *Younger* abstention

The State Garnishment Order was issued as part of a matrimonial, child custody, and child support dispute between Malhan and his estranged spouse that is ongoing in New Jersey state court. Thus, this Court's intervention on SpaceAge's behalf is barred by the *Younger* abstention doctrine. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982); *Younger v. Harris*, 401 U.S. 37, 43–54 (1971).

The Third Circuit Court of Appeals has made it clear that this Court simply has no authority to interfere with this type of dispute, because important state interests are implicated in the ongoing state court proceedings, and because there is an adequate opportunity to raise federal claims therein. *See Butler v. Pechkurow*, 669 F. App'x 627, 628 (3d Cir. 2016) (holding that the federal courts should abstain from interfering with

ongoing state child support proceedings); *In re Burrell*, 626 F. App'x 33, 35 (3d Cir. 2015) (holding that the "[f]ederal courts usually abstain [under *Younger*] from deciding civil actions . . . [that concern] state child support proceedings") (citing *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003)); *Gromek v. Maenza*, 614 F. App'x 42, 45 n.3 (3d Cir. 2015) (holding that the *Younger* abstention doctrine counsels against a district court's interference in an ongoing state court matter concerning a child support dispute). Furthermore, the Third Circuit Court of Appeals issued *Butler*, *Burrell*, and *Gromek* after the United States Supreme Court issued its holding in *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584 (2013), which altered the legal landscape for the federal courts in assessing whether the *Younger* abstention doctrine applies to a case. Thus, the holdings in *Butler*, *Burrell*, and *Gromek* are persuasive. Therefore, this Court could also refrain from addressing the claims that are asserted against the Remaining Defendants under the *Younger* abstention doctrine.

### 3. No private right of action

SpaceAge alleges that the State Garnishment Order violates its rights under 45 C.F.R. § 303.100 and 15 U.S.C. § 1673. (ECF No. 1.) However, there is no private right of action thereunder. *See Sheils v. Bucks Cty. Domestic Relations Section*, 921 F. Supp. 2d 396, 414–16 (E.D. Pa. 2013) (holding the same in a case where a plaintiff sought to challenge the garnishment of his wages to meet a child support obligation); *see also Colbert v. Roling*, 233 F. App'x 587, 590 (8th Cir. 2007) (same). Therefore, this Court could also dismiss the claims that are asserted against the Remaining Defendants for SpaceAge's failure to state a claim.

## CONCLUSION

For the aforementioned reasons, this Court: (1) grants the motion by the Remaining Defendants to dismiss the claims asserted against them; (2) dismisses the claims that are asserted against the Remaining Defendants; and (3) closes the action, as there are no viable claims remaining.

This Court will enter an appropriate order and judgment.

/s/ Jose L. Linares
JOSE L. LINARES
Chief Judge, United States District Court

Dated: March 5th, 2018